UNITED STATES OF AMERICA,

     Plaintiff,

v.                          Civil Case No. 21-2393-EFM-KGG

JOHN RIFE,

     Defendant.

### ORDER GRANTING THE UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT JOHN RIFE PURSUANT TO FED. R. CIV. P. 55(b)(2)

This case comes before the Court to consider Plaintiff United States of America's Motion for Entry of Default Judgment against Defendant John Rife d/b/a Rife Livestock or JR Cattle pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. No. 12). For the reasons set forth below, the Court, grants that motion and enters default judgment against John Rife.

The United States filed this action on September 8, 2021, seeking to recover penalties against Rife for violations of the Packers and Stockyards Act ("P&SA"), 1921, as amended and supplemented, 7 U.S.C. § 181 *et seq*. and the regulations promulgated pursuant thereto, 9 C.F.R. § 201.1 *et seq*. Doc. 1, 1. The Complaint alleges repeated violations of the P&SA by Rife.

Rife was personally served with a Summons and copy of the Complaint by a Deputy of the United States Marshal, District of Kansas, on September 23, 2021, pursuant to Fed. R. Civ. P. 4(c)(3), K.S.A. §§ 60-303(d)(A), and 60-304, as evidenced by the Return of the Service filed September 24, 2021. Doc. 4.

Rife appeared in this matter and filed a "request for an extension relating to Civil Action No. 21-cv-2393." Doc. 5. The Court granted Rife's request, extending the time to answer until

November 19, 2021.  Doc. 7.  On November 15, 2021, Rife's second request for extension of time to answer was filed.  Doc. 8.  The Court granted this second request, extending Rife's time to answer until January 18, 2022.  Doc. 9.  After requesting and receiving two extensions of time to file an answer or other responsive pleading, no answer or other defense was filed by Rife in this case.

On January 20, 2022, the United States applied for entry of default pursuant to Fed. R. Civ. P. 55(a) based upon Rife's failure to defend this case.  Doc. 10.  The Clerk entered the Clerk's Entry of Default on January 25, 2022.  Doc. 11.

The United States now seeks entry of Default Judgment and Final Judgment pursuant to Fed. R. Civ. P. 55(b)(2) from the Court because its requested relief extends beyond a sum certain. Under Fed. R. Civ. P. 55(b)(2), the Court may call this matter for a hearing "when, to enter or effectuate judgment it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

Although the Court need not, in the exercise of its discretion, set a motion for default judgment for hearing, it chose to do so in this matter.  By Text Order entered on March 22, 2022, the Court ordered the following regarding Plaintiff's Motion for Default Judgment:

> The United States correctly notes that a hearing is not required in this matter. However, given that the amount of damages sought is significant and the entry of injunctive relief is serious, and given that the defendant has previously appeared in this case (albeit merely to request continuances) although thereafter he defaulted and failed to respond, the Court finds that the interests of justice are better served by scheduling a hearing and allowing the defendant an opportunity to be heard on the relief requested. The Court notes, however, that clerk's entry of default judgment has already been entered in this matter. <u>Therefore, the Court sets a hearing at 1:30 p.m. on 4/11/2022 in Courtroom 408, Wichita Federal Courthouse</u>. Additional copies of Motion for Default Judgment, DE 12 and Memorandum in Support of Motion, DE 13, are being sent to defendant as well.  Signed by Chief

District Judge Eric F. Melgren on 3/22/2022.Mailed to pro se party John Rife via regular mail and by certified mail . . . .

Order re [12] Mot. for Default J., Mar. 22, 2022. Doc. 14.

As ordered, the Clerk of the Court mailed Rife additional copies of the Motion for Default Judgment and Memorandum in Support, and as noted in the Notice of Hearing, "the hearing information was highlighted when mailed to defendant via DE 14." Doc. 15. Subsequently, the Court received the United States Postal Service's Domestic Return Receipt signifying receipt of its mailing by Rife's signature on March 25, 2022. Doc. 16.

The Court held the hearing to consider the United States' motion for default judgment on April 11, 2022. Counsel for the United States appeared but Rife did not. Doc. 18. The Court waited until 1:40 p.m. to commence the hearing, allowing Rife additional time to appear. Rife did not appear for the hearing that concluded at approximately 3:20 p.m. During the hearing, United States offered the testimony of two witnesses from the United States Department of Agriculture pertaining to Rife's specific conduct that violated the P&SA, the nature and amount of penalties sought by the United States for that conduct, and the injunctive relief sought by the United States.

Based upon Rife's default, the factual allegations in the United States' Complaint are now taken as true, except for those relating to the amount of damages. *See Hermeris, Inc. v. McBrien*, 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) (citations omitted). Taking those factual allegations as true, and considering the evidence in the record in addition to the USDA witnesses' testimony regarding the calculation of statutory and regulatory penalties offered at the hearing conducted on April 11, 2022, this Court has a sufficient record from which to enter default

judgment against Rife and determine the appropriate total amount of penalties to assess and injunctive relief to impose.

The Court finds that Rife failed to defend this case within the time afforded him by the grant of his second requested extension of time, January 18, 2022, after requesting and receiving two extensions of time to make his answer or other responsive pleading. Rife has neither sought to set aside the Clerk's Entry of Default nor filed a response to the United States' Motion for Default Judgment.

Based upon the evidence presented, the Court makes the following findings. Rife knowingly violated 7 U.S.C. §§ 203, 213(a), 9 C.F.R. § 201.10(a) and 201.29(a) of the Regulations, the 2008 Consent Decision, the 2012 Consent Decree, and the 2017 Consent Decree by operating on a dealer basis as the agent of a vendor or purchaser with a suspended registration and no adequate bond or bond equivalent in fifty-three (53) separate transactions. Doc. 1. ¶ 44. Beginning on or about February 5, 2018, and continuing through March 26, 2019, Rife purchased cattle in at least fifty-three (53) transactions, operating on a dealer basis as an agent on behalf of Gregory W. Peck, d/b/a Peck Bros. Cattle Order Buying ("Peck"). *Id.* at ¶¶ 28-29. As the date is pertinent for the calculation of penalties, of the fifty-three (53) transactions, twelve (12) were conducted before March 14, 2018, and forty-one (41) were conducted on or after March 14, 2018. Peck paid the stockyards directly for all purchases made by Rife under Peck's name and then sold the majority of the cattle back to Rife. *Id.* at ¶¶ 32-33.

The Court further finds that Rife knowingly violated 7 U.S.C. §§ 221, 213(a), and section 201.94 of the regulations, and the 2017 Consent Decree when he failed to maintain required records and make required records available upon request. *Id.* at ¶ 45. Rife also directed the

stockyards to deduct unwarranted and excessive hauling charges as a line item from the gross sales invoices and remitted checks, often exceeding fifty percent (50%) of the gross sales proceeds. *Id.* at ¶¶ 38-39.

The United States' Motion for Default Judgment sets forth evidence that Rife has continued to engage in further violations of the P&SA after this case was filed. In addition to the violations described in the United States' Complaint, during the pendency of this litigation Rife continued to violate 7 U.S.C. §§ 203, 204, 213(a), 9 C.F.R. § 201.10(a) and 201.29(a) of the Regulations, the 2008 Consent Decision, the 2012 Consent Decree, and the 2017 Consent Decree by operating on a dealer or market agency basis with a suspended registration and no adequate bond or bond equivalent, as well as in violation of 7 U.S.C. §§ 221, 213(a), and section 201.94 of the regulations, and the 2017 Consent Decree by engaging in deceptive practices and generating false records including false invoicing. Although the United States provides this evidence of an additional twenty-five (25) violative occurrences of the P&SA, it does not request an increase in penalties in addition to those requested in its Complaint. Nevertheless, the Court finds this evidence relevant to evaluating Rife's recidivist conduct and further buttresses the need for the injunctive relief requested by the United States.

The Court finds that Rife is in indirect civil contempt of Court by knowingly violating this Court's 2012 Consent Decree and 2017 Consent Decree, which permanently enjoined Rife from engaging in business within the meaning of the P&SA for which registration and bonding are required without being registered and bonded. Pursuant to the Consent Decrees, Rife is permanently enjoined from engaging in business within the meaning of the P&SA without keeping such accounts, records, and memorandum as fully and correctly disclose all transactions involved

in his business, and from withholding such documentation from the Secretary of Agriculture or his agents. Rife is in indirect civil contempt of Court by failing to maintain required records, make required records available upon request, and by generating false records.

The 2012 Consent Decree assessed penalties of $60,450. Doc. 3-1, ¶ 10. Rife needed only to pay a $2,500 portion of the penalty, but would remain subject to the full civil penalty, plus interest at the statutory rate, for future violations. *Id.* at ¶¶ 9-11. For Rife's additional violations in this case, the Court orders reinstatement of the $60,450 full penalty less the $2,500 portion, which is $57,950 plus any interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. § 1961.

The 2017 Consent Decree assessed penalties of $36,937.50. Doc. 3-2, ¶ 14. By its terms, Rife needed only to pay a $7,500 portion of the penalty, but would remain subject to the full civil penalty, plus interest at the statutory rate, for future violations. *Id.* at ¶¶ 13, 15. For Rife's additional violations in this case, the Court orders reinstatement of the $36,937.50 full civil penalty less the $7,500 portion, which is $29,437.50 plus any interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. § 1961.

The Court assesses only the following portion of penalties set forth in United States' Complaint and requested in its Motion for Default Judgment. The Court's calculation of $1,711,781 in penalties is explained and itemized as follows:

    a.    <u>Assessment of Penalties against Rife for his Failure to Register in Violation of 7 U.S.C. §§ 203, 204, and 9 C.F.R. § 201.29(a)</u>

The Court assesses penalties in the amount of $226,280 against Rife for his failure to register in violation of 7 U.S.C. §§ 203, 204, and 9 C.F.R. § 201.29(a) in both per-occurrence penalties based on the fifty-three transactions described in the Complaint, Doc. 1., ¶ 30, as well

as daily penalties for Rife's ongoing violation from January 5, 2018, the date the Agricultural Marketing Service ("AMS") sent Rife a Notice of Default informing him that he must register and procure, file and maintain a bond/ bond equivalent on July 31, 2021. Complaint, Doc. 1, ¶ 26. This assessment represents the following penalties:

(1) $22,500 for Rife's twelve (12) offenses occurring between January 16, 2018 and March 13, 2018[1];

(2) $78,433 for Rife's forty-one (41) offenses occurring between March 14, 2018 and June 16, 2020;

(3) $5,264, constituting the daily penalty for fifty-six (56) days at $94.00 per day for the period between January 16, 2018, and March 13, 2018;

(4) $79,200, constituting the daily penalty for eight hundred and twenty-five (825) days at $96.00 per day for the period between March 14, 2018, and June 16, 2020;

(5) $32,500, constituting the daily penalty for three hundred and twenty-five (325) days at $100.00 per day for the period between June 17, 2020 and May 9, 2021; and

(6) $8,383, constituting the daily penalty for eighty-three (83) days at $101.00 per day for the period between May 9, 2021 up through and including July 31, 2021.

      b.      <u>Assessment of Penalties for Rife's Ongoing Operation without a Bond in Violation of 7 U.S.C. §§ 204, 213(a), and 9 C.F.R. § 201.29(a)</u>

The Court assesses penalties in the amount of $1,480,501 against Rife for his failure to execute and maintain a reasonable bond on forms approved by the Administrator in the form of 7

---

[1] 7 C.F.R. § 3.91 prescribes the civil penalties relevant to the conduct described in the Complaint.

C.F.R. § 3.91(b)(lix)[2] per-occurrence penalties based on the fifty-three transactions described in the Complaint, Doc. 1, ¶ 30. In total, this is $330,000, consisting of $27,500 for each of Rife's twelve (12) offenses occurring between January 16, 2018, and March 13, 2018, as well as $1,150,501, consisting of $28,061 for each of Rife's forty-one (41) offenses occurring between March 14, 2018, and June 16, 2020.

c. Assessment of Fine under 7 U.S.C. § 221

The Court assesses a penalty of $5,000 for the false records violation under 7 U.S.C. § 221 for Rife's failure to keep accounts, records, and memorandum and to fully and correctly disclose all transactions involved in his business for which he was required.

In fixing the amount of penalties it imposes against John Rife, the Court adds the sum of $87,387.50 in reinstated penalties to the sum of $1,711,781 in newly assessed penalties, for a total of $1,799,168.50, and orders Rife to pay 15% of that combined amount, which is $269,875.27. If Rife violates this Order, then all of the penalties, including the amount abated herein (*i.e.*, 85% of $1,799,168.50 = $1,529,293.23), then the entire amount of penalties, $1,799,168.50, less any payments made, shall be immediately due and payable to the United States.

Moreover, in light of Rife's recidivist violations of the P&SA and the prior consent decrees, the Court imposes the requested injunctive relief in the form of a lifetime ban that bars Rife from engaging in any business, within the meaning of the P&SA, in any capacity for which registration

---

[2] 7 C.F.R. § 3.91(b)(lix) allows for a "[c]ivil penalty for a stockyard owner, livestock market agency, or dealer, who engages in or uses any unfair, unjustly discriminatory, or deceptive practice or device in connection with determining whether persons should be authorized to operate at the stockyards, or with receiving, marketing, buying, or selling on a commission basis or otherwise, feeding, watering, holding, delivery, shipment, weighing, or handling of livestock, codified at 7 U.S.C. [§] 213(b) . . .".

and bonding are required under the P&SA. Rife may self-lift the lifetime ban by performing the following actions, in sequence: (1) paying all outstanding penalties ordered above, and (2) registering and bonding pursuant to P&SA requirements and maintaining such registration and bond thereafter so long as he continues in such business.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follow:

A. The Court holds John Rife in Contempt of the 2012 Consent Decree (Doc. 3-1) and the 2017 Consent Decree (Doc. 3-2) and reinstates the deferred past penalties of $87,387.50;

B. The Court assess new penalties against John Rife in the amount of $1,711,781;

C. The Court, taking the $87,387.50 in reinstated penalties and adding that amount to $1,711,781 in newly assessed penalties, orders John Rife to pay 15% of these combined penalties, 15% of $1,799,168.50 equaling **$269,875.27**;

D. The Court abates the remaining 85% of $1,799,168.50, or $1,529,293.23, but orders that any future violations of the P&SA by John Rife shall result in the abated portion of the penalties in this case also become due and owing to the United States, and that John Rife must pay the full amount of penalties in the amount of $1,799,168.50 to the United States less credit for any amounts that he has paid.

E. The Court enters the injunctive relief of a lifetime ban upon John Rife, hereby barring John Rife from engaging in any business, within the meaning of the P&SA, in any capacity for which registration and bonding are required under the P&SA. John Rife shall be allowed to self-lift the lifetime ban by performing the following actions in sequence: (1) paying all outstanding penalties, or the portion thereof

ordered by the Court in this default judgment; and (2) only after paying such fines by registering and bonding pursuant to P&SA requirements and thereafter maintaining such registration and bond so long as he continues in such business; and

F.      The Court orders John Rife to pay the costs of this proceeding and interest from the date of default judgment at the statutory rate.

IT IS FURTHER ORDERED that the United States' motion for entry of default judgment against Defendant John Rife d/b/a Rife Livestock or JR Cattle pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. No. 12) is granted as set forth above.

IT IS SO ORDERED BY THE COURT.

Dated this 12th day of April, 2022.


_____
Honorable Eric F. Melgren
Chief Judge
United States District Court

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
Ks. S. Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
FX: (913) 551-6541
Email: Chris.Allman@usdoj.gov

s/ Steven Brookreson, II
Steven W. Brookreson, II
United States Attorney's Office
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ks. S. Ct. No. 28106
PH: (913) 551-6730
FX: (913) 551-6541
Email: Steven.Brookreson@usdoj.gov